RAFAEL DE J. CORDERO, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent; JESÚS LAUREANO, Claimant.

No. 274. Argued December 6, 1943.—Decided December 17, 1943.

M. *Rodríguez Ramos*, Acting Attorney General, *G. Benítez Gautier*, Deputy Attorney General, and *Angel de Jesús Matos*, *Joaquín Correa Suárez*, and *Joaquina Pérez Cordero*, Legal Advisers of the State Fund, for petitioner. The respondent Commission and the claimant did not appear.

MR. JUSTICE SNYDER delivered the opinion of the court.

On April 19, 1943, Jesús Laureano was injured in the course of his employment by an insured employer. The State Fund furnished him medical treatment until May 28, 1943, when the Administrator, as a result of the report of doctors of the Fund, released him from further treatment and fixed his permanent incapacity as the loss of 10 per cent of the "physiological functions of the arm at the shoulder."

Laureano appealed from this decision to the Industrial Commission. Laureano was then examined by a doctor of the Commission. On the basis of the latter's report, the Commission, without holding a hearing in the case, ordered the Administrator to provide Laureano with additional medical treatment. The Administrator filed a motion for reconsideration, pointing out that the Commission had decided the case on the basis of an *ex parte* report of its physician and without giving the Administrator an opportunity to be heard. The Commission denied the motion. We granted the Administrator's petition for review.

The Commission in its order contended that §5 of the Workmen's Accident Compensation Act applied to the facts herein. Section 5 reads in part as follows:

"During the period of disability, the workman or employee who is injured or sick under the circumstances covered by this Act, shall submit to treatment and examination, at reasonable times and places, by a competent physician designated by the manager; *Provided,*

That if the manager does not provide the workmen or employee with adequate attendance, the said workman or employee may appeal [1] to the Industrial Commission which, after an investigation by a physician designated for the purpose, shall order such attendance as may be proper in the case, and the Manager shall comply with the order of the Commission; . . . ".

The Administrator, on the other hand, contends that §3 is the pertinent Section. That Section reads in part as follows:

"Every workman or employee who suffers an injury or an occupational disease under the conditions specified in this Act, and as established in §2, shall be entitled to—

"Medical Attendance.—1. Medical attendance and such medicines as may be prescribed, including hospital services when necessary; but when, in the judgment of the Manager of the State Fund, such medical or hospital services should be discontinued, the workman or employee may appeal to the Industrial Commission."

The Administrator's contention is well-founded. Section 3 is addressed to the exact facts of this case. It provides that, after the workman has been submitted to medical treatment, the treatment should be discontinued when no longer necessary in the judgment of the Manager. That is precisely what occurred in the instant case. The workman, if aggrieved, may appeal to the Commission. But in that event the Administrator has a right to be heard. To hold otherwise would be to subject the Fund to incalculable obligations without giving it a day in court.

Section 5 provides for the situation where the workman has yet to embark on a course of treatment. Under those circumstances, if the Manager refuses to initiate the treatment, the workman may appear before the Commission, which may order the Manager to furnish treatment without a formal hearing. The Legislature apparently felt that the urgency of such a situation justified this summary proce-

---

(1) The word "appeal" is not a proper translation of the word "*acudir*" in the Spanish text. The translation should be "appear".

dure. This is one of the rare instances in which the Workmen's Accident Compensation Act contemplates original rather than appellate proceedings by the Commission (See *González* v. *Industrial Commission*, 60 P.R.R. 606, *Cordero, Mgr.* v. *Industrial Commission*, 60 P.R.R. 453). But §3 covers a wholly different situation for which the Legislature provided the safeguards of appellate procedure.

The Commission in its order expressed the view that the result we have reached would seriously delay additional medical treatment in cases where it was needed immediately. The Commission should endeavor to solve this problem by giving such cases preferential and prompt attention.

The order of the Commission will be vacated and the case will be remanded for further proceedings not inconsistent with this opinion.